# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**AMOS JAMES STROUP, JR.**                                                           **PLAINTIFF**
**ADC #108618**

V.                              NO. 3:21-cv-158-DPM-ERE

**HALL**, *et al.*                                                                      **DEFENDANTS**

## ORDER

Pending before the Court is Plaintiff Amos James Stroup's motion for summary judgment.[1] *Doc. 39*. Discovery in the matter has been stayed to allow any issues related to exhaustion to be resolved. *Doc. 15*. Accordingly, the parties have not yet had an opportunity to engage in discovery. *See Jackson v. Reibold,* 815 F.3d 1114, 1121 (8th Cir. 2016) ("The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'").

On February 9, 2022, the Court denied Defendants' motion for partial summary judgment on the issue of exhaustion. *Doc. 37*. Accordingly, the stay of discovery can now be lifted. A final scheduling order will be issued promptly.

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

IT IS THEREFORE ORDERED THAT:

1. Mr. Stroup's motion for summary judgment *(Doc. 39)* is DENIED, as premature.[2]

2. The Court lifts the stay of discovery. The parties may now exchange discovery requests.

Dated this 11th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If the Court were to address Mr. Stroup's motion on the merits, it would deny it. Mr. Stroup is not entitled to summary judgment because he has failed to produce sufficient evidence to support his conclusory allegations. See FED. R. CIV. P. 56(c) (providing that summary judgment is appropriate only when the supporting evidence demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986) (explaining that the moving party bears the initial burden of identifying the parts of the record that show a lack of genuine issue of material fact). In addition, Mr. Stroup failed to file "a separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried" as required by this Court's Local Rules. See Local Rule 56.1(a).